IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MANUEL MARTINEZ § | |
| § | |
| VS. § | |
| § | CAUSE NO. 7:22-CV-00003 |
| ECTOR COUNTY, TEXAS and § | |
| JUDGE DEBI HAYS § | |
| § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Judge Debi Hays and Ector County, Texas, (collectively "Defendants") remove this action from the Justice Court, Precinct 4, Ector County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division. In the support hereof, Defendants would respectfully show the Court as follows:

## I.
## STATE COURT ACTION

1. On December 20, 2021, Plaintiff Manuel Martinez ("Plaintiff") served Judge Debi Hays with his petition filed in in the Justice Court, 4th Precinct, Ector County, Texas, case styled *Manuel Martinez v. Ector County, Texas, Judge Debi Hays*, Cause No. 14635-SC (the "State Court Action").

2. In his original petition, Plaintiff asserts that Defendants have subjected to Plaintiff to "false arrest" and "imprisonment" in Ector County on or about April 24, 2021. Plaintiff claims that Ector County continued to detain him after it was discovered the "wrong" Manuel Martinez had been arrested. He seeks $20,000.00 in damages, the maximum amount a justice court may award in a civil matter.

3. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, with this Notice of Removal, Defendants remove the State Court Action to this Court based on federal question jurisdiction, as more fully described below.

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court. The State Court Action is pending in Ector County, Texas. Ector County, Texas, is a county served by the Midland-Odessa Division of the United States District Court for the Western District of Texas. 28 U.S.C. §§ 1441, 1446(a).

5. Defendants timely removed the State Court Action. Defendants were served with Plaintiff's lawsuit on December 20, 2021. This removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of receipt. 28 U.S.C. § 1446. A true and correct copy of the Citation for Service of Process is attached as **Exhibit A.**

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a true and correct copy of the docket sheet or index in the State Court Action. Attached as **Exhibit C** is a true and correct copy of the entire file of record in the state court.

7. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing a copy of this Notice of Removal in the Justice Court, Precinct 4, Ector County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit D.**[1]

8. Pursuant Section 1446(b)(2)(A), all defendants joined and served in this case have consented to the removal because all Defendants join in removing this action.

---

[1] To avoid unnecessary duplication, Defendants omitted Exhibit 1, a copy of this Notice of Removal, from Exhibit D.

## III.
## FEDERAL QUESTION JURISDICTION

9. This action is properly removed based on federal question jurisdiction. The district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Any case brought in state court of which the United States district courts have original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). Plaintiff asserts claims that arise under the Constitution and laws of the United States. Plaintiff asserts claims for false arrest and false imprisonment, a constitutional tort appropriately asserted under 42 U.S.C. § 1983. Putting aside the issue of whether Plaintiff states a claim for relief, the cause of action he purports to assert arise under the laws of the United States.

10. The "constitutional tort" of malicious prosecution has seven elements: 1. criminal action commenced against the plaintiffs; 2. that the prosecution was caused by the defendants or with their aid 3. that the action terminated in the plaintiffs' favor; 4. that the plaintiffs were innocent; 5. that the defendants acted without probable cause; 6. that the defendants acted with malice; and 7. that the criminal proceeding damaged the plaintiffs. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). The "constitutional torts" of false arrest, unreasonable seizure, and false imprisonment also require a showing of no probable cause. *Id.* Hence, to ultimately prevail on a section 1983 false arrest/false imprisonment claims, Plaintiff must show that the persons affecting the arrest did not have probable cause to arrest him. *See id.* These claims may be asserted via 42 U.S.C. § 1983. In contrast, Texas law has no statutory equivalent to a claim asserted 42 U.S.C. § 1983. *See, e.g.*, *Harris County v. Going*, 896 S.W.2d 305, 309 (Tex. App.—Houston [1st Dist.] 1995, writ denied). As such, Plaintiff asserts claims under federal law, over which this Court has

jurisdiction, making this removal proper.

## PRAYER

WHEREFORE, Defendants remove this action from the Justice Court, Precinct 4, of Ector County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

 */s/ R. Layne Rouse*
R. LAYNE ROUSE
State Bar No. 24066007
*Email: lrouse@shaferfirm.com*

SHAFER, DAVIS, O'LEARY & STOKER
P.O. Drawer 1552
Odessa, Texas  79760-1552
(432) 332-0893
(432) 333-5002 (fax)

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document is being served upon the Plaintiff, pro se, in accordance with the *Federal Rules of Civil Procedure* this 7th day of January, 2022.

                                           */s/ R. Layne Rouse*
                                           R. LAYNE ROUSE